IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Roosevelt Meeks,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC, et al.<br><br>　　　　Defendants. | Case No.: 1:18-cv-03666-TWT-WEJ |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SANTANDER CONSUMER USA INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES the Plaintiff, ROOSEVELT MEEKS, by and through his counsel, and responds to Defendant Santander Consumer USA Inc.'s ("Santander") motion to dismiss as follows:

### INTRODUCTION

Santander primarily argues that, despite the charge-off, Plaintiff still owes the balance on the account to Santander and that the charge-off is an accounting move. Plaintiff does not dispute that and that is not the basis of Plaintiff's claim. Rather, Plaintiff claims that she does not owe **monthly payment** obligations to Santander, because the account was charged off (and therefore the balance is accelerated). Accordingly, Plaintiff properly pled that Santander violated the Fair Credit

1

Reporting Act ("FCRA") by failing to correct the reporting of a monthly payment obligation by Plaintiff to $0.

Plaintiff also properly alleged other facts necessary to support a plausible claim for relief against Santander, which is all that Plaintiff is required to do at the pleading stage. Accordingly, Plaintiff requests this Court to deny Santander's motion to dismiss in its entirety.

## STATEMENT OF FACTS

Santander is reporting its trade line in Plaintiff's Equifax credit file with a monthly scheduled payment of $613.00. (Doc #1, ¶ 7.) The account reflected in Santander's trade line ("the account") was charged off and closed. (Doc #1, ¶ 8.) **<u>Santander accelerated the payment schedule and closed the account.</u>** (Doc #1, ¶ 8, emphasis added.)

On March 2, 2018, Plaintiff obtained his Equifax credit disclosure and noticed that Santander's trade line for Plaintiff ("the Santander trade line") was reporting inaccurately with an erroneous scheduled monthly payment of $613.00. (Doc #1, ¶ 10.) On or about May 3, 2018, Plaintiff submitted a letter to Equifax disputing the Santander trade line. (Doc #1, ¶ 11.) In his dispute letter, Plaintiff explained that the account was charged off and that he no longer has an obligation to make monthly payments. (Doc #1, ¶ 12.) Plaintiff asked Equifax to report the scheduled monthly payment amount as $0. (Doc #1, ¶ 13.) Upon information and belief, Equifax

forwarded Plaintiff's consumer dispute to Santander.  (Doc #1, ¶ 14.)  On June 1, 2018, Plaintiff received Equifax's investigation results which showed that Equifax and Santander failed or refused to report the scheduled monthly payment as $0 on the Errant Trade Line.  (Doc #1, ¶ 15.)  Santander failed to conduct a proper investigation of Plaintiff's dispute.  (Doc #1, ¶¶ 17, 25.)  Santander failed to review all relevant information available to it and provided by Equifax.  (Doc #1, ¶¶ 18, 26.)

As a direct and proximate cause of Defendants' failures to comply with the FCRA, Plaintiff has suffered credit and emotional damages.  (Doc #1, ¶ 16.)  Plaintiff has also experienced undue stress and anxiety due to Defendants' failures to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.  (Doc #1, ¶ 16.)  Moreover, Plaintiff has suffered mental anguish, suffering, humiliation and embarrassment as a result of Santander's violations of the FCRA.  (Doc #1, ¶¶ 21, 27.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 663. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*., at 664.

## LAW & ARGUMENT

### 1. <u>Plaintiff sufficiently pled that Santander inaccurately reported a positive monthly payment obligation</u>

First, Santander argues that "a charge off of the account does not absolve Plaintiff from his underlying obligations to make payments." (Doc #4, p. 8.) Plaintiff does not deny that. However, Plaintiff does not allege or argue that he is absolved from paying the **<u>balance</u>** on the account. Rather, Plaintiff alleges that Santander charged off the debt and accelerated the balance, meaning that he no longer has a **<u>monthly payment obligation of $613.00</u>** for the account.

None of the cases cited by Santander state that a consumer continues to have a monthly payment obligation once a balance has been charged off and accelerated. To the contrary, the very meaning and purpose of accelerating an account is to make the full balance immediately due and not due in (monthly) installments. It is indisputable that a consumer no longer has a monthly payment obligation on an account once the balance has been accelerated and is therefore immediately due.

Santander also argues that it is not required to make legal determinations on the status of the debt. (Doc #4, pp. 8-9.) However, Santander was not asked to make

any legal determination.  Rather, Santander was being asked to report its trade line according to the credit reporting standards, which is to report charged off accounts with a scheduled monthly payment of $0.  (Exhibit 1.)

Plaintiff informed Santander that the trade line was charged off and that he no longer had a monthly payment obligation.  (Doc #1, ¶ 12.)  Santander already accelerated the balance on the account and closed the account (Doc #1, ¶ 8), so Santander knew that the account was charged off (it had been reporting the account as charged off), so Santander should have properly reported the trade line with a $0 scheduled monthly payment as required by the industry standards.  (Exhibit 1.)  Santander was not called upon to make any legal determination for its credit reporting.  Santander merely needed to review Plaintiff's dispute letter, review its records to determine that Plaintiff's dispute letter was accurate, review the credit reporting standards, and then report a monthly payment obligation of $0.  Santander's failure to do so violated 15 U.S.C. § 1681s-2(b) of the FCRA.

Accordingly, Santander's motion to dismiss should be denied.

2.  **Plaintiff sufficiently pled that Santander failed to conduct a reasonable investigation of Plaintiff's dispute**

Next, Santander argues that "Plaintiff's Complaint is devoid of any facts regarding either what was communicated to [Santander] by Equifax or [Santander's] investigation procedures."  (Doc #4, p. 9, brackets added.)  Not so.  Plaintiff alleged that Santander failed to conduct a proper investigation of Plaintiff's dispute and

5

failed to review all relevant information available to it and provided by Equifax. (Doc #1, ¶¶ 17-18, 25-26.) Therefore, Plaintiff sufficient pled facts to support his claims that Santander violated 15 U.S.C. § 1681s-2(b) of the FCRA.

Santander, however, seeks to hold Plaintiff to a higher standard than required by *Twombly*, *Iqbal* and their progeny. First, Plaintiff does not need to plead facts with particularity, because Plaintiff does not allege fraud, mistake, special damages, or any other matter that requires pleading facts with particularity. Fed. R. Civ. P. 9(b), (g). Second, Santander seeks this Court to impose an impossible pleading standard, as Plaintiff cannot know the communications between Equifax and Santander or Santander's investigative procedures until Plaintiff engages in discovery. Requiring a consumer to know and plead specific facts regarding the communications between a consumer reporting agency and a furnisher or the details of a furnisher's investigative practices would prevent any consumer from filing any lawsuit under the FCRA, as virtually no consumer would or could know such facts before engaging in discovery. These matters are basic and classic matters for discovery in FCRA cases.

Fortunately, case law does not hold Plaintiff to Santander's standard, but merely requires that Plaintiff plead sufficient facts to state a plausible claim for relief. *Iqbal, supra*. Plaintiff sufficiently pled that Santander was informed of Plaintiff's dispute and that Santander failed to conduct a reasonable investigation

6

and review all relevant information available to it in response to Plaintiff's dispute. Therefore, Santander's motion to dismiss should be denied.

### 3. **<u>Plaintiff sufficiently pled causation and damages against Santander</u>**

Santander also argues that Plaintiff failed to adequately plead causation. (Doc #4, p. 11.) Specifically, Santander argues that there is no allegation that Plaintiff's credit report has been accessed by any third parties or that Plaintiff has been denied any credit on the basis of the purported inaccuracies. (Doc #4, p. 13.) No such allegations are required.

Plaintiff plainly pled that he suffered credit and emotional damages as a direct and proximate cause of Santander's violations of the FCRA. (Doc #1, ¶ 16.) Plaintiff further pled the he suffered undue stress and anxiety due to Santander's failure to correct the error in his credit file. (Doc #1, ¶ 16.) Plaintiff further pled that as a direct and proximate cause of Santander's violations of the FCRA, he suffered mental anguish, suffering, humiliation and embarrassment. (Doc #1, ¶¶ 21, 27.) These are clearly allegations of causation and damages.

"[D]amages for mental distress are recoverable under the FCRA, even if the consumer has suffered no out-of-pocket losses." *Moore v. Equifax Info. Servs., LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004). Santander's argument that Plaintiff must allege credit denials or other economic harm in his complaint is without merit. Furthermore, Plaintiff does not need to plead the level of specificity (i.e., citing to

credit report access by third parties or credit denials) to support his claims. Plaintiff only needs to plead sufficient facts to support a plausible claim for relief, *Iqbal, supra*, which Plaintiff has done.

Plaintiff also alleged that Santander willfully violated the FCRA. (Doc #1, ¶¶ 25, 26.) As discussed above, Plaintiff does not need to plead specific facts about Santander's willfulness in violating the FCRA and cannot do so without engaging in discovery. Moreover, "[c]onditions of the mind, such as knowledge, may be alleged generally at the pleading stage. . . . Because Plaintiff may allege conditions of the mind generally, Plaintiff's allegations are sufficient to survive Defendant's Motion." *Hamm v. Equifax Info. Servs., LLC*, No. 17-cv-03821-PHX-JJT, 2018 WL 3548759, at *4-5 (D. Ariz. July 24, 2018) (denying Trans Union's motion to dismiss for failure to sufficient plead willful violations of the FCRA), citing Fed. R. Civ. P. 9(b). Plaintiff's general allegation that Santander willfully violated the FCRA therefore is sufficient to survive Santander's motion. Also, "[t]o assert a claim for willful non-compliance, Plaintiff does not need to prove actual damages." *Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680, 687 (N.D. Ga. 2013). Therefore, Plaintiff has sufficiently pled her claims for Santander's willful violations of the FCRA and her damages.

## 4. **If necessary, Plaintiff should be permitted to amend his complaint**

Plaintiff believes that he clearly pled sufficient facts to state a claim for relief against Santander. However, if this Court determines that Plaintiff failed to plead sufficient facts, Plaintiff requests this Court to grant leave for him to amend the complaint to do so.

Leave to amend the complaint should be freely given. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a).

Here, none of the factors for denying leave to amend are present. Although Plaintiff claims actual damages against Santander in the form of economic and emotional damages, Plaintiff believes he does not need to plead such damages with particularity to survive a motion to dismiss. Similarly, Plaintiff does not believe he needs to plead other matters with the particularity that Santander suggests. However, if this Court determines that Plaintiff did not sufficiently support her claims, Plaintiff requests this Court to permit him to amend the complaint to plead more specific facts.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to deny Santander's motion to dismiss in its entirety.

DATED: October 12, 2018

>Respectfully submitted,
>
>ALEX SIMANOVSKY & ASSOCIATES, LLC
>
>By: /s/ Alex Simanovsky
>Alex Simanovsky
>Georgia Bar No. 646874
>2300 Henderson Mill Road, Suite 300
>Atlanta, GA 30345
>Telephone: (678) 781-1012
>Facsimile: (877) 570-5413
>E-Mail: alex@a-s-law.com
>Attorneys for Plaintiff,
>Roosevelt Meeks

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: October 12, 2018