IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Roosevelt Meeks,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC, et al.<br><br>Defendants. | Case No.: 1:18-cv-03666-TWT-WEJ |

**PLAINTIFF'S RESPONSE TO DEFENDANT TRANS UNION, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, ROOSEVELT MEEKS, by and through his counsel, and responds to Defendant Trans Union, LLC's ("Trans Union") motion to dismiss as follows:

### INTRODUCTION

Trans Union primarily argues that Plaintiff failed to allege an inaccuracy in its reporting of Santander Consumer USA Inc.'s ("Santander") trade line and that its reporting of "historical" data is accurate. However, Plaintiff does not allege inaccuracies regarding historical information in the Santander tradeline. Rather, Plaintiff alleges that the reporting of a scheduled monthly payment of $613.00 for a charged off and closed account is inaccurate and harms Plaintiff's credit score. The Credit Reporting Resource Guide, which is the industry standard for credit reporting,

1

required the Santander trade line to report with a scheduled monthly payment amount of zero after the underlying account was charged off and closed. Accordingly, Plaintiff properly pled that Trans Union violated the Fair Credit Reporting Act ("FCRA") by failing to correct the reporting of the scheduled monthly payment obligation by Plaintiff to $0 in response to his dispute.

Trans Union also argues that Plaintiff did not sufficiently plead his damages, and that Plaintiff did not sufficiently plead his claims for willfulness. However, each of Trans Union's arguments lacks merit, for the reasons discussed below. Therefore, Plaintiff requests this Court to deny Trans Union's motion to dismiss.

## STATEMENT OF FACTS

Santander is reporting its trade line in Plaintiff's Trans Union credit file with a monthly scheduled payment of $613.00. (Doc #10, ¶ 7.) The account reflected in Santander's trade line ("the account") was charged off and closed. (Doc #10, ¶ 8.) **Santander accelerated the payment schedule and closed the account.** (Doc #10, ¶ 8, emphasis added.)

On July 12, 2018, Plaintiff obtained his Trans Union credit disclosure and noticed the Santander trade line was reporting inaccurately with an erroneous scheduled monthly payment of $613.00. (Doc #10, ¶ 16.) On or about July 27, 2018, Plaintiff submitted a letter to Trans Union disputing the Santander trade line. (Doc #10, ¶ 17.) In his dispute letter, Plaintiff explained that the account was

charged off and that he no longer has an obligation to make monthly payments. (Doc #10, ¶ 18.) Plaintiff asked Trans Union to report the scheduled monthly payment amount as $0. (Doc #10, ¶ 19.) Upon information and belief, Trans Union forwarded Plaintiff's consumer dispute to Santander. (Doc #10, ¶ 20.) On September 12, 2018, Plaintiff obtained his Trans Union credit disclosure, which showed that Trans Union and Santander failed or refused to report the scheduled monthly payment as $0 on the Errant Trade Line. (Doc #10, ¶ 21.)

Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff. (Doc #10, ¶¶ 52, 59.) Trans Union also failed to conduct a reasonable investigation of Plaintiff's dispute. (Doc #10, ¶¶ 53, 60.) As a direct and proximate cause of Defendants' failures to comply with the FCRA, Plaintiff has suffered credit and emotional damages. (Doc #10, ¶ 22.) Plaintiff has also experienced undue stress and anxiety due to Defendants' failures to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA. (Doc #10, ¶ 22.) Moreover, Plaintiff has suffered mental anguish, suffering, humiliation and embarrassment as a result of Trans Union's violations of the FCRA. (Doc #1, ¶¶ 54, 61.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 663. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*, at 664.

## LAW & ARGUMENT

### 1. Trans Union improperly submitted certain documents outside the pleadings

In addition to making its arguments and addressing the well-pled allegations in the First Amended Complaint, Trans Union attached to its motion certain documents that are not referred to in the complaint.

First, Trans Union submitted a Declaration of Don Wagner. (Doc #29-2.) This declaration by Trans Union's representative is not referred to in the complaint and is an improper attempt by Trans Union to refute Plaintiff's allegations, which this Court must accept as true when considering Trans Union's motion to dismiss. *Iqbal, supra*. Therefore, Plaintiff requests this Court to disregard Doc #29-2.

Second, and relying on the Declaration of Don Wagner, Trans Union also submitted purported investigation results dated August 18, 2018. (Doc #29-4; Doc #29-1, p. 7.)  In the complaint, Plaintiff refers to Trans Union file disclosures dated July 12, 2018 and September 12, 2018. (Doc #10, ¶¶ 16, 21.)  Plaintiff does not refer to any investigation results from Trans Union in the complaint.  Therefore, Plaintiff requests this Court to disregard Trans Union's purported investigation results dated August 18, 2018. (Doc #29-4; Doc #29-1, p. 7.)

### 2. **Plaintiff sufficiently pled that Trans Union inaccurately reported a scheduled monthly payment amount**

First, Trans Union argues that its reporting is accurate and that the reporting of "historical payment terms" cannot be inaccurate as a matter of law.  However, Plaintiff did not allege that historical payment terms are reporting inaccurately.  Rather, Plaintiff alleged that Trans Union is reporting a positive scheduled monthly payment amount owed by Plaintiff for the Santander tradeline.  Plaintiff alleges that the account was charged off and that he no longer has a scheduled monthly payment amount owed to Santander.  Plaintiff clearly pled the inaccuracy in the Santander trade line: the $613.00 scheduled monthly payment obligation although Plaintiff has no monthly payment obligation because the account is charged off and closed. (Doc #10, ¶¶ 7-9.)

Moreover, and more to the point, the Credit Reporting Resource Guide ("CRRG"), which is the industry standard for credit reporting and which is certainly

5

available to Trans Union, required the Santander trade line to be reported with a scheduled monthly payment amount of $0 because the account was charged off. (Exhibit 1.)

Plaintiff informed Trans Union that the account was charged and that he no longer had an obligation to make monthly payments. (Doc #10, ¶ 17-19.) Of course, Trans Union already knew that before it received Plaintiff's dispute, because Trans Union had been reporting the account as charged off. (Doc #10, ¶ 8.) Therefore, upon receiving Plaintiff's dispute, Trans Union merely needed to review Plaintiff's dispute letter, review its records to determine that Plaintiff's dispute letter was accurate, review the credit reporting standards (Exhibit 1), and then correct its reporting of the scheduled monthly payment amount to $0.

Trans Union argues that its reporting is not misleading because it also reports the trade line as closed, charged off and with a $0 balance. (Doc #29-1, p. 6.) However, Trans Union's argument is unavailing. First, Plaintiff alleges that Trans Union's continued reporting of the positive scheduled monthly payment amount not only violated the FCRA, but negatively affected his credit score and caused damage to Plaintiff. (Doc #10, ¶ 22.) Regardless of whether a lender would be misled by reading the positive scheduled monthly payment amount (Plaintiff pleads that the Santander trade line is misleading – Doc #10, ¶¶ 51, 58), Plaintiff is nonetheless harmed. Second, Trans Union's argument about the effect of its credit reporting on

a potential lender does not address its violation of the FCRA, but only Plaintiff's damages. As discussed below, Plaintiff sufficiently pled his damages. (Doc #10, ¶¶ 22, 54, 61.) Therefore, Trans Union's argument lacks merit.

In addition, Trans Union's citation to several cases to support its argument that historical payment terms cannot be inaccurate as a matter of law is inapposite, because historical payment terms are not at issue. The issue is Trans Union's reporting of a positive scheduled monthly payment amount after the account was charged off, which reporting does not meet the industry standards (Exhibit 1) and which violates the FCRA.

    3.    **<u>Plaintiff sufficiently pled his claim under 15 U.S.C. § 1681e(b)</u>**

Trans Union also argues that Plaintiff failed to establish one of his elements because she did not plead that Trans Union published a consumer report to a third party containing an inaccuracy. (Doc #29-1, p. 14.) However, Plaintiff did precisely that when she pled that Trans Union reported inaccurate information about Plaintiff to one or more third parties. (Doc #10, ¶¶ 51-52, 58.) Therefore, Plaintiff pled this element.

Apparently anticipating Plaintiff's response, Trans Union argues that Plaintiff failed "to identify to whom the reports were provided, when they were reported, or how they were inaccurate." (Doc #29-1, p. 14.) Trans Union's argument is unavailing. First, as discussed above, Plaintiff clearly pled the inaccuracy in his

Trans Union credit file: the reporting of the $613.00 scheduled monthly payment amount in the Santander trade line.  Second, Trans Union seeks to hold Plaintiff to a higher standard than required by *Twombly*, *Iqbal* and their progeny.  Fortunately, case law does not hold Plaintiff to Trans Union's standard, but merely requires that Plaintiff plead sufficient facts to state a plausible claim for relief, *Iqbal, supra*, which Plaintiff did.  Plaintiff does not need to plead facts with particularity, because Plaintiff does not allege fraud, mistake, special damages, or any other matter that requires pleading facts with particularity. Fed. R. Civ. P. 9(b), (g).  Therefore, Trans Union's motion to dismiss should be denied.

4. **Plaintiff sufficiently pled his claims under 15 U.S.C. § 1681i**

Trans Union also argues that Plaintiff's claims under Section 1681i fail for failing to plead an inaccuracy and failing to plead damages.  (Doc #29-1, p. 16.)  For the reasons stated in this brief, Plaintiff properly pled the inaccuracy in his Trans Union file and his damages.  Therefore, Trans Union's motion should be denied.

Trans Union further argues that Plaintiff did not plead "any supporting facts showing how the consumer reporting agency's actions were unreasonable."  (Doc #29-1, p. 17.)  However, as discussed above, Plaintiff does not need to plead his claims with particularity.

Moreover, Trans Union seeks this Court to impose an impossible pleading standard, as Plaintiff cannot know the communications between Trans Union and

8

Santander until Plaintiff engages in discovery. Likewise, Plaintiff cannot know Trans Union's investigative procedures until Plaintiff engages in discovery. Requiring a consumer to know and plead specific facts regarding the communications between a consumer reporting agency and a furnisher or the details of a furnisher's investigative practices would prevent any consumer from filing any lawsuit under the FCRA, as virtually no consumer would or could know such facts before engaging in discovery. These matters are classic matters for discovery in FCRA cases.

Therefore, Trans Union's motion should be dismissed.

### 5. **Plaintiff sufficiently pled causation and damages against Trans Union**

Trans Union also argues that Plaintiff failed to adequately plead causation and damages. (Doc #29-1, pp. 15-16.)

Plaintiff plainly pled that she suffered credit and emotional damages as a direct and proximate cause of Trans Union's violations of the FCRA. (Doc #10, ¶ 22.) Plaintiff further pled the she suffered undue stress and anxiety due to Trans Union's failure to correct the error in his credit file. (Doc #10, ¶ 22.) Plaintiff further pled that as a direct and proximate cause of Trans Union's violations of the FCRA, she suffered mental anguish, suffering, humiliation and embarrassment. (Doc #10, ¶¶ 54, 61.) These are clearly allegations of causation and damages.

"[D]amages for mental distress are recoverable under the FCRA, even if the consumer has suffered no out-of-pocket losses." *Moore v. Equifax Info. Servs., LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004).  Trans Union's argument that Plaintiff must allege when or how his condition occurred is without merit.  Furthermore, as discussed above, Plaintiff does not need to plead the level of specificity that Trans Union proposes to support his claims.  Plaintiff only needs to plead sufficient facts to support a plausible claim for relief, *Iqbal, supra*, which Plaintiff has done.

### 6. Plaintiff sufficiently pled his claims for willfulness

Plaintiff also alleged that Trans Union willfully violated the FCRA.  (Doc #10, ¶¶ 53, 60.)  As discussed above, Plaintiff does not need to plead specific facts about Trans Union's willfulness in violating the FCRA and cannot do so without engaging in discovery.  Moreover, "[c]onditions of the mind, such as knowledge, may be alleged generally at the pleading stage. . . .  Because Plaintiff may allege conditions of the mind generally, Plaintiff's allegations are sufficient to survive Defendant's Motion."  *Hamm v. Equifax Info. Servs., LLC*, No. 17-cv-03821-PHX-JJT, 2018 WL 3548759, at *4-5 (D. Ariz. July 24, 2018) (denying Trans Union's motion to dismiss for failure to sufficient plead willful violations of the FCRA), citing Fed. R. Civ. P. 9(b).  Plaintiff's general allegation that Trans Union willfully violated the FCRA therefore is sufficient to survive Trans Union's motion.  Also, "[t]o assert a claim for willful non-compliance, Plaintiff does not need to prove actual damages." *Taylor*

*v. Screening Reports, Inc.*, 294 F.R.D. 680, 687 (N.D. Ga. 2013). Therefore, Plaintiff has sufficiently pled his claims for Trans Union's willful violations of the FCRA.

### 7. If necessary, Plaintiff should be permitted to amend his complaint

Plaintiff believes that he clearly pled sufficient facts to state a claim for relief against Trans Union. However, if this Court determines that Plaintiff failed to plead sufficient facts, Plaintiff requests this Court to grant leave for him to amend the complaint to do so.

Leave to amend the complaint should be freely given. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a).

Here, none of the factors for denying leave to amend are present. Although Plaintiff claims actual damages against Trans Union in the form of economic and emotional damages, Plaintiff believes he does not need to plead such damages with particularity to survive a motion to dismiss. Similarly, Plaintiff does not believe he needs to plead other matters with the particularity that Trans Union suggests. However, if this Court determines that Plaintiff did not sufficiently support his

claims, Plaintiff requests this Court to permit his to amend the complaint to plead more specific facts.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to deny Trans Union's motion to dismiss in its entirety.

DATED: February 6, 2019

           Respectfully submitted,

           ALEX SIMANOVSKY & ASSOCIATES, LLC

           By: /s/ Alex Simanovsky
           Alex Simanovsky
           Georgia Bar No. 646874
           2300 Henderson Mill Road, Suite 300
           Atlanta, GA 30345
           Telephone: (678) 781-1012
           Facsimile: (877) 570-5413
           E-Mail:  alex@a-s-law.com
           Attorneys for Plaintiff,
           Roosevelt Meeks

### Proof of Service

I, Alex Simanovsky, hereby state that on February 6, 2019, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via the Court's CM/ECF system.

/s/ Alex Simanovsky

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: February 6, 2019